# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| XIULIN LIN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 17-12045-LTS |
| | ) | |
| BROAD INSTITUTE, et al., | ) | |
|     Defendants. | ) | |
| | ) | |

---

## ORDER

November 13, 2017

SOROKIN, J.

On October 19, 2017, Xiulin Liu ("Liu") filed a complaint accompanied by an Application to Proceed without Prepayment of Fees and Affidavit ("Application"). *See* Docket Nos. 1, 2. Liu's Application was denied and she was granted until November 9, 2017, to pay the $350.00 filing fee and the $50.00 administrative fee. *See* Docket No. 5.

The Court's records indicate that Liu has not paid the $350.00 filing fee and the $50.00 administrative and the time to do so expired. *See* Docket. It is a long-established principle that this Court has the authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute her action and her failure to follow the Court's orders. Fed. R. Civ. P. 41(b). "[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002); *accord Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) ("to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs' "). Further, "[t]he authority to order dismissal in appropriate cases is a necessary component of that capability." *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d at 4.

Liu was advised that to proceed with this action she must pay the $350.00 filing fee and the $50.00 administrative fee.  *See* Docket No. 5.  The Order afforded Liu notice of the possibility of a dismissal.  *See Malot v. Dorado Beach Cottages Associates*, 478 F.3d 40, 44-45 (1st Cir. 2007).  The fact that Liu has not paid the $350.00 filing fee and the $50.00 administrative fee suggests that she may have decided not to incur the payment obligation in order to press her claim.  The action, therefore, will be dismissed without prejudice for failure to comply with the Court's order.

Accordingly, it is hereby ORDERED that:

1.  This action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with an order of the Court.

2.  The Clerk shall enter a separate order of dismissal.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge